IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CARSON BEY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:14-CV-1936-L-BK | |
| § | | |
| JUDGE NORRIS RIDEAUX, Justice of the § | | |
| Peace JP 4-1, et al., § | | |
| Defendants. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case was initiated by the filing of a *pro se* complaint, purportedly by Moorish Science Temple of America, against Defendants Justice of the Peace Judge Norris Rideaux, County Court at Law Judge Ken Tapscott, ASD Financial Inc., Simon Batashvili, and Perez Batashvili.  The complaint was automatically referred to the United States Magistrate Judge.  *See* 28 U.S.C. 636(b).  For the reasons that follow, it is recommended that this action be dismissed for want of prosecution.

I. BACKGROUND

On June 3, 2014, the Court issued a deficiency order advising Plaintiff Moorish Science Temple of America (1) that Tyrone Cason Bey ("Bey"), a trustee proceeding *pro se*, was prohibited from representing it in this action, and (2) that an attorney must enter his/her appearance on behalf of the Moorish Science Temple. [Doc. 6].  Plaintiff Moorish Science Temple did not timely respond, and on July 8, 2014, the undersigned recommended that the action be dismissed without prejudice for want of prosecution. [Doc. 12]. In his objection to the recommendation, Bey averred that he was the plaintiff in this action and requested that the style of the case reflect that fact. [Doc. 13 at 1-2].   The undersigned subsequently withdrew the

recommendation and directed the Clerk of the Court to modify the caption to add Bey as the plaintiff, and terminating the Moorish Science Temple as Plaintiff. [Doc. 14]. Then, on August 25, 2014, the undersigned ordered that Bey submit (1) an amended complaint, in compliance with Rule 8(a), alleging facts giving rise to subject-matter jurisdiction, and reflecting that he is the sole plaintiff in this case, and (2) the $400.00 filing fee or a motion for leave to proceed in forma pauperis (on the AO 239 form). [Doc. 15]. The deadline for Plaintiff's response was September 15, 2014. As of the date of this recommendation, however, Bey has not responded to the Court's deficiency order, nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Bey has had ample opportunity to respond to the Court's deficiency order directing him to file an amended complaint and to submit either the filing fee or a motion to proceed *in forma pauperis*. However, he has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.  See FED. R. CIV. P. 41(b).

SIGNED September 25, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE