IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TYRONE CARSON BEY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-1936-L** |
| | § | |
| **JUDGE NORRIS RIDEAUX, Justice of** | § | |
| **the Peace JP 4-1, et al.,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 25, 2014, recommending that this action be dismissed *sua sponte* for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). No objections to the Report were filed.

On August 25, 2014, the magistrate judge issued the court's Second Notice of Deficiency and Order to Plaintiff Tyrone Carson Bey ("Plaintiff" or "Bey"), ordering him to file an amended complaint alleging facts that give rise to the court's subject-matter jurisdiction and reflecting that Bey was the sole plaintiff. The magistrate judge also ordered Plaintiff to pay the $400 filing fee or move to proceed *in forma pauperis* and warned him that failure to comply with the order may result in dismissal pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution. Plaintiff never responded to the court's deficiency order and did not seek an extension of time.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct, **accepts**

them as those of the court, and **dismisses without prejudice** this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report and the court's order accepting the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the foregoing orders, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of October, 2014.

Sam A. Lindsay
United States District Judge